IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO LAFELL JACKSON, | ) | |
| AIS 175493, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-808-ECM-JTA |
| | ) | |
| BUREAU OF PARDONS AND | ) | |
| PAROLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Antonio Jackson filed this Complaint on October 8, 2020, on a form used by inmates for filing 42 U.S.C. § 1983 actions. By Order of October 14, 2020, the Court granted Plaintiff *in forma pauperis* status and specifically instructed Plaintiff to provide notice within ten days following any address change. Doc. No. 4. Plaintiff further was informed that failure to so report a change of address would result in a dismissal of this case. *Id.* at 3. On October 27, 2020, the Court entered an order of procedure containing the same directives. Doc. No. 7 at 3, ¶ 6. The docket reflects Plaintiff received copies of these Orders.

The Court recently determined that Plaintiff is no longer located at his most recent service address of record.[1] Accordingly, by Order of August 2, 2023, Plaintiff was directed to file—by August 16, 2023—a current address or show cause why this case should not be

---

[1] *See* https://doc.alabama.gov/inmatesearch (last visited August 29, 2023). Plaintiff's most recent service address on record with the court is the Limestone Correctional Facility. *See* Doc. No. 31.

dismissed for his failures to comply with the orders of the Court and to adequately prosecute this action. Doc. No. 34. The August 2, 2023, Order specifically cautioned Plaintiff that his failure to comply with its directives would result in the dismissal of this case. *Id.* To date, Plaintiff has not filed a response or otherwise complied with the August 2, 2023, Order.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where the litigant has been forewarned.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by **September 14, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not

consider frivolous, conclusive or general objections. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of August, 2023.

_Jerusha J. Adams_

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE